OPINION OF THE COURT
Richard F. Braun, J.
This is a guardianship proceeding. The attorney for respondent, the alleged incapacitated person (AIP), applied to exclude from the courtroom the attorney for her landlord, a nonparty. Pursuant to the order to show cause commencing this proceeding, such order to show cause was served on that attorney’s law firm because a temporary restraining order was issued, pending a hearing, barring respondent’s landlord, or its agents, attorneys, servants, or employees, or any city marshal from instituting any action or proceeding, executing a warrant of eviction, or taking any other action to evict respondent from her residence, or from endangering her welfare in any other manner. Prior to the commencement of the guardianship hearing, this court heard on this application the attorneys for the parties and the nonparty, and the court evaluator. The attorney for the nonparty opposed the application. The court evaluator agreed with the request. Respondent’s attorney modified her request to not oppose the presence of the attorney for the nonparty in the courtroom regarding any matters pertaining to applications concerning the temporary restraining order’s eviction provisions, but respondent’s counsel strenuously objected to the nonparty’s attorney being in the courtroom during the testimony of witnesses. Respondent’s attorney contended that the attorney for the nonparty landlord might use such testimony against respondent in an eviction proceeding (a summary eviction proceeding by her landlord against respondent is now pending in Civil Court, New York County).
This court finds that the attorney for the nonparty should be excluded from the courtroom during the guardianship hearing except during arguments pertaining to the temporary restraining order, and any use and occupancy and/or rent applications, and except during the testimony of any witnesses of the nonparty who wish to have the attorney for the nonparty present in the courtroom during their testimony. Petitioner’s counsel stated that petitioner intends to present two such witnesses.
Mental Hygiene Law § 81.14 (c) provides: "The court shall not exclude a person or persons or the general public from a *1034 proceeding under this article except upon written findings of good cause shown. In determining whether good cause has been shown, the court shall consider the interest of the public, the orderly and sound administration of justice, the nature of the proceedings, and the privacy of the person alleged to be incapacitated.” This statute applies to this guardianship proceeding and is a specific modification of the general rule that most courtroom proceedings shall be open to all members of the public (Judiciary Law § 4; see, Matter of Westchester Rockland Newspapers v Leggett, 48 NY2d 430 [1979]).
Under the circumstances, the court has stricken a balance between the importance of maintaining an open and public courtroom, and not violating the rights of the nonparty, versus protecting respondent’s privacy rights in preventing the attorney for her nonparty landlord from utilizing this proceeding as a discovery device to develop information to employ against respondent in an eviction proceeding. The purpose of this guardianship proceeding is to determine whether respondent is incapacitated, and thus requires assistance with her property management and/or her personal needs (Mental Hygiene Law § 81.01). Such a salutary purpose should not be undermined by permitting a person who has or represents interests adverse to the AIP in another action or proceeding to utilize the guardianship proceeding to the detriment of the AIP. The general interest of the public in an open proceeding, and the orderly and sound administration of justice are preserved by the limited exclusion order. Thus, the motion by respondent’s attorney was granted to the extent indicated above because of the showing of good cause for the limited exclusion.